THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ANTONIA BLACKWELL,<br><br>Plaintiff,<br><br>v.<br><br>EARLY LIGHT ACADEMY, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION FOR DISMISSAL ORDER**<br><br>Case No. 2:25-cv-00689-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Before the court are Plaintiff Antonia Blackwell's Objections[1] to Magistrate Judge Dustin B. Pead's Report and Recommendation,[2] as well as Plaintiff's Motion to Proceed In Forma Pauperis (IFP),[3] Emergency Motion for Asset Freeze and Preservation Order,[4] Emergency Motion for Relief from Defendants' Obstruction of Federal Proceedings,[5] Motion for Expedited Criminal Referral and Supplemental Evidence of RICO Enterprise,[6] and Motion for Expedited Ruling on Pending Objections.[7]  Blackwell proceeds pro se.  For the reasons stated

---

[1] Dkt. 19, *Plaintiff's Objections to Magistrate's Report and Recommendation and Request for De Novo Review by District Judge Shelby* (*Objection*); Dkt. 21, *Plaintiff's Supplemental Objections to Magistrate's Report and Recommendation* (*Supplemental Objection*); Dkt. 27, *Second Supplemental Objections to Magistrate Judge Pead's Report and Recommendation* (*Second Supplemental Objection*).

[2] Dkt. 18, *Report and Recommendation* (*Report*).

[3] Dkt. 2, *Motion to Proceed In Forma Pauperis* (*IFP Motion*).

[4] Dkt. 3, *Emergency Motion for Asset Freeze and Preservation Order*.

[5] Dkt. 8, *Emergency Motion for Relief from Defendants' Obstruction of Federal Proceedings*.

[6] Dkt. 11, *Motion for Expedited Criminal Referral and Supplemental Evidence of RICO Enterprise*.

[7] Dkt. 25, *Motion for Expedited Ruling on Pending Objections*.

below, Blackwell's Objections are OVERRULED, the Report is ADOPTED, and Blackwell's

remaining Motions are DENIED as moot.

## BACKGROUND[8]

It is difficult to ascertain the alleged factual basis for this case. So far as the court can

discern, Blackwell's son suffers from disabilities and was previously enrolled at Early Light

Academy (the School).[9] Sometime prior to January 2023, Blackwell emailed the School

advocating for her child.[10] In September 2023, Blackwell sent an email to the School requesting

that the School refrain from contacting her.[11] Blackwell alleges the School made false

allegations about Blackwell's son and/or her and expelled her son without adhering to a legally-

mandated process.[12] Although it is not clear, the court infers the School's reports prompted an

---

[8] The court is aware that Blackwell has filed at least two other lawsuits arising from the same operative facts. *See Blackwell v. S. Jordan Just. Ct.*, No. 250904073 (Utah 3d Dist. Ct. filed May 21, 2025) (asserting, among other things, multiple violations of Utah and federal law, violations of the rules of civil procedure, and judicial misconduct); *Blackwell v. Boehm*, No. 2:25-cv-00465-TS (seeking a writ of habeas corpus, warrant recall, and other declaratory relief). Case No. 2:25-cv-00465-TS was dismissed under 28 U.S.C. § 1915 and the *Younger* doctrine, and the Tenth Circuit affirmed the *Younger* doctrine applied and denied a certificate of appealability. *See Case No.* 2:25-cv-00465-TS, Dkt. 11, *Memorandum Decision and Order*; *id.*, Dkt. 26, *Order Denying Certificate of Appealability*. The following background is based on Blackwell's Second Amended Complaint. Dkt. 16, *Second Amended Complaint for Damages Under 18 U.S.C. § 1964 (Civil RICO) and 42 U.S.C. § 1983* (*SAC*).

[9] *See SAC* ¶ 37.

[10] *Id.* ¶¶ 32–33.

[11] *Id.* ¶ 34.

[12] *See id.* ¶¶ 14, 28 (alleging Defendant Bird secretly recorded the child, created fake evidence, and filed false police reports, Defendant Preston called the child a "terror," Defendant Pizarro "[g]ave . . . impossible testimony," and the School filed false police reports which caused criminal prosecution against Blackwell); *id.* ¶ 16 (alleging Defendant Trout filed false police report); *id.* ¶ 18 (alleging Defendant Hyatt filed a false witness statement); *id.* ¶ 36 (discussing the involvement of the Utah Division of Child and Family Services (DCFS)); *id.* ¶ 37 (stating the School "expelled Plaintiff's child with a disability without conducting the Manifestation Determination Review (MDR) required by federal law . . . ."); *id.* ¶ 44 (stating "DCFS investigated [Blackwell] based on false allegations from Early Light Academy").

investigation and criminal charges.[13]  Blackwell contacted legislators informing them she was

"facing 2.5 years in jail for advocating for [her] son's right to an education."[14]

Blackwell also alleges facts regarding what the court assumes to be the ensuing criminal

case against Blackwell.  Specifically, the police "[f]iled charges 40 days after all contact

ended;"[15] prosecutors "[p]ursued charges despite State Board validation;"[16] Tangaro Law

employed and supervised her defense attorney, Defendant Faas, "who sabotaged her defense"

and abandoned her case;[17] Defendant Judge Boehm issued a warrant that included false

information and continued to adjudicate her case while disqualified;[18] and the courts "[r]efused

to file exculpatory evidence."[19]

On August 18, 2025, Blackwell filed a Complaint against Defendants for, among other

things, violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), civil rights

violations under 42 U.S.C. § 1983, and violations of the American with Disabilities Act

(ADA).[20]  The Complaint asserts "damages for a conspiracy to criminalize [her] federally

protected advocacy for her child with a disability's [sic] education through coordinated actions

by school officials, law enforcement, prosecutors, legislators, and [Blackwell's] own attorney."[21]

---

[13] *See id.* ¶¶ 36, 38–40 (discussing an email conversation between Blackwell and a police detective, alleging the School contacted the police, and stating the South Jordan Police filed criminal charges after contact with the School had ceased); *id.* ¶ 53 (discussing harassment in the context of prosecution).

[14] *Id.* ¶ 40.

[15] *Id.* ¶ 46.

[16] *Id.*

[17] *Id.* ¶¶ 25–28, 51.

[18] *Id.* ¶ 43.

[19] *Id.* ¶ 46.

[20] Dkt. 1, *Complaint for Damages and Injunctive Relief Under Civil RICO (18 U.S.C. § 1964), Civil Rights (42 U.S.C. §§ 1983, 1985), and Related Claims* (*Complaint*).

[21] *SAC* ¶ 1.

With the Complaint, Blackwell filed the IFP Motion.[22]  The case was referred to Magistrate Judge Pead pursuant to 28 U.S.C. § 636(b)(1)(B).  Judge Pead temporarily granted Blackwell's IFP Motion pending screening under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).[23]  Before the court was able to screen the case, Blackwell filed an Amended Complaint.[24]  The Amended Complaint added several defendants and asserted additional damages for the RICO Conspiracy claim.[25]  The Amended Complaint also included additional factual allegations pertaining to legislative retaliation, legal representation, and the conduct of judicial and law enforcement officers.[26]

On September 9, 2025, Judge Pead issued an Order outlining deficiencies in the Amended Complaint and granted leave for Blackwell to file a Second Amended Complaint (SAC).[27]  The Order extended Blackwell's temporary IFP status and stated the Amended Complaint "does not state plausible and specific claims for relief."[28]  Specifically, it "fails to make allegations regarding each Defendant's alleged actions, or indicate how each Defendant violated her rights,"  fails to connect specific claims for relief to specific facts or Defendants, and fails to identify any exception to the Eleventh Amendment immunity the City of South Jordan is

---

[22] *IFP Motion.*

[23] Dkt. 12, *Order Temporarily Granting Motion to Proceed Without Paying the Filing Fee and Notice of Screening Under 28 U.S.C. § 1915* (*IFP Order*); *see* DUCivR 72-1(a)(2)(A) (authorizing a magistrate judge to grant applications to proceed IFP); 28 U.S.C. 1915(e)(2) (stating the court must dismiss an in forma pauperis case "at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief").

[24] Dkt. 14, *Amended Complaint for Damages and Injunctive Relief Under Civil RICO (18 U.S.C. § 1964), Civil Rights (42 U.S.C. §§ 1983, 1985), and Related Claims* (*Amended Complaint*).

[25] The Amended Complaint added Ed Montgomery, Sergeant Eric Anderson, Ben Rasmussen, and the South Jordan City Police Department as defendants.  *Compare Complaint* ¶¶ 40–57, 131, *with Amended Complaint* ¶¶ 40–57, 131.

[26] *Compare Complaint* ¶¶ 78–79, 115, 117–18, *with Amended Complaint* ¶¶ 78–79, 115, 117–18.

[27] *See generally* Dkt. 15, *Memorandum Decision and Order Permitting Amended Complaint and Temporarily Granting Motion to Waive Filing Fee* (*Order*).

[28] *Id.* at 6, 9.

entitled to.[29]  Despite these deficiencies, the court permitted another amendment and stated the

SAC "must: (1) explain what each Defendant [did] to violate Plaintiff's rights; (2) indicate when

and where the violation(s) occurred; (3) explain how Plaintiff was injured as a result of each

Defendants' actions; and (4) clearly state the relief sought from each Defendant."[30]  The Order

also provided additional guidance, stating the SAC should:

> (1) state [the] claims as simply and clearly as possible and remove any extraneous
> information not relevant to the specific claims;
> (2) provide the names of any "unknown" court clerks, warrant processing staff and
> police officers; and
> (3) only join claims against multiple defendants in a singular action where the
> claims arise "out of the same transaction, occurrence, or series of transactions or
> occurrences" and raise "a question of law or fact common to all defendants."[31]

On September 12, 2025, Blackwell filed the SAC.  The SAC asserts four claims against

all Defendants: (1) civil RICO under 18 U.S.C. § 1964; (2) Conspiracy Against Rights under

42 U.S.C. § 1985; (3) violations of constitutional rights under 42 U.S.C. § 1983; and

(4) Conspiracy to Obstruct Justice under 18 U.S.C. § 241.[32]  Like the Amended Complaint, these

claims are asserted against the School, individuals associated with the School, legislators, the

City of South Jordan, the South Jordan Police Department, an employee of the South Jordan

Police Department, prosecutors, defense attorneys, and Judge Michael Boehm.[33]

---

[29] *Id.* at 7–8.

[30] *Id.* at 8.

[31] *Id.* at 8–9 (quoting Fed. R. Civ. P. 20(a)(2)).

[32] *SAC* ¶¶ 65–73.

[33] *See SAC* ¶¶ 1, 7–8.  The individual Defendants associated with the School include Executive Director Stephanie Schmidt, Principal Amy Bird, Principal, Attorney Erin Preston, Special Education Director Anne Trout, Instructor Marison Pizarro, and Behavioral Specialist Sarah Hyatt.  The named legislators are Utah State Representative Jordan Teuscher and Utah State Senator Kirk Cullimore Jr.  The named employee of the South Jordan Police Department is Sergeant Eric Anderson.

The SAC includes an "Immunity Summary Table" listing Defendants by category and abbreviated statements as to why those Defendants are not immune from suit:[34]

| Defendant Type | Claimed Immunity | Why It Fails | Key Case |
|---|---|---|---|
| **Judge Boehm** | Absolute Judicial | Acted without jurisdiction; conspired with others | *Stump v. Sparkman*, 435 U.S. at 356-57; *Dennis v. Sparks*, 449 U.S. at 28 |
| **Legislators** | Legislative | Criminal conspiracy outside legislative sphere | *United States v. Brewster*, 408 U.S. at 526 |
| **Prosecutors** | Prosecutorial | Investigative/administrative functions; bad faith | *Kalina v. Fletcher*, 522 U.S. at 129 |
| **South Jordan Police Department** | Qualified | Enforcing facially illegal warrant with 1,470 excessive bail | *Groh v. Ramirez*, 540 U.S. at 565 |
| **City** | Municipal | No immunity for municipalities | *Owen v. City of Independence*, 445 U.S. at 638 |
| **School/Preston** | None (Private) | Private parties in conspiracy with state actors | *Dennis v. Sparks*, 449 U.S. at 28 |
| **Faas/Tangaro** | None (Private) | Private attorneys have no immunity | N/A |

The SAC also includes a "Defendant-Specific Acts Table" to "demonstrate[] each [D]efendant's specific unlawful acts and resulting harm:"[35]

| Defendant | Specific Unlawful Acts | Date | Constitutional/Legal Violation | Harm Caused to Plaintiff |
|---|---|---|---|---|
| **Early Light Academy** | Filed false police reports after being told to stop contact | Sept-Nov 2023 | First Amendment retaliation | Initiated criminal prosecution leading to |

---

[34] *Id.* ¶10J.

[35] *Id.* ¶ 28.

| | | | | warrant |
|---|---|---|---|---|
| **Stephanie Schmidt** | Directed false reports; characterized FERPA requests as "threats" | Sept 2023-Jan 2024 | 42 U.S.C. § 1983 | Created false criminal record destroying reputation |
| **Amy Bird** | Secretly recorded minor with disability; filed false reports | Oct-Nov 2023 | FERPA violation; false reporting | Violated child's privacy; supported false charges |
| **Erin Preston** | Admitted coordinating prosecution before investigation complete; called 6-year-old "terror"; manipulated child to "talk into camera" | Oct 2023 | 18 U.S.C. § 1503 (obstruction) | Ensured prosecution despite lack of evidence; dehumanized disabled child |
| **Anne Trout** | Filed false reports despite zero email contact (per her statement) | Nov 2023 | Utah Code § 76-8-504 | Added false weight to prosecution; Created false pattern of multiple victims despite no contact |
| **Marisol Pizarro** | Gave mathematically impossible testimony at expulsion hearing | Jan 12, 2024 | Perjury | Enabled illegal expulsion of disabled child |
| **Sarah Hyatt** | Filed false statements while admitting wasn't aware of events | Nov 2023 | False statements | Provided false evidence for prosecution; Manufactured victim despite admitting no knowledge |
| **Jordan Teuscher** | Co-sponsored HB464 after receiving plea for help | Jan-May 2024 | First Amendment retaliation | Increased criminal penalties faced |
| **Kirk Cullimore Jr.** | Co-sponsored HB464 while father sued Plaintiff | Jan-May 2024 | 18 U.S.C. § 241 (conspiracy) | Legislative persecution while facing eviction |

| | | | | |
|---|---|---|---|---|
| **Judge Boehm** | Issued warrant while disqualified; refused habeas corpus | May 2025 | Due process; Suspension Clause | Created illegal warrant preventing employment/housing |
| **City of South Jordan** | Maintained policies enabling school/landlord weaponization | Ongoing | Monell liability | Systematic denial of civil rights |
| **Snow/Montgomery** | Prosecuted despite exculpatory evidence | Jan 2024-present | Brady violation | Ongoing prosecution despite innocence |
| **Sgt. Anderson** | Overruled Palmer; filed charges 40 days after contact ended | Jan 9, 2024 | 42 U.S.C. § 1983 | Created criminal charges from protected speech |
| **South Jordan Police Dept** | Enforcing facially illegal warrant with 1,470% excessive bail; Institutional policy of betraying crime victims who seek help | May 2025-present | Fourth/Eighth Amendment; 42 U.S.C. § 1983 | Ongoing threat of illegal arrest; Cannot drive, work, or secure housing |
| **Cara Tangaro** | Supervised Faas's sabotage; collaborated with Cullimore | 2023-2024 | RICO conspiracy | Ensured ineffective defense |
| **Tangaro Law** | Employed Faas during sabotage; institutional oversight failure | Feb-May 2024 | Vicarious liability | Denied effective counsel |
| **Nicole Faas** | Sabotaged defense via Gmail; false legal advice; took retainer for sabotage | Feb-May 2024 | 18 U.S.C. § 1343 (wire fraud) | Prevented valid defenses; ensured conviction; financial fraud |

The prayer for relief requests, among other things, a criminal referral to the United States Attorney's Office; compensatory, hedonic, treble, and punitive damages; expungement of Blackwell's criminal record; an order requiring the South Jordan Police Department to cease enforcement of facially illegal warrants; an order requiring DCFS to correct false claims about

Blackwell; prohibiting Defendants from coordinating any future prosecutions; prohibiting Early Light

Academy from filing criminal complaints against parents without court approval; creation of

whistleblower protections for parents reporting the abuse of disabled children; investigation of

disciplinary actions against children with disabilities at school; freezing of Defendants' assets; and a

weekly accounting of Defendants' expenditures.[36]

    After screening the SAC under 28 U.S.C. § 1915(e), Judge Pead issued the Report,

concluding the SAC does not cure the Amended Complaint's deficiencies and recommending

dismissal.[37]  Specifically, Judge Pead found the SAC "fails to state a claim upon which relief can

be granted, fails to meet standard pleading requirements and raises claims that lack an arguable

basis in law or in fact."[38]  The Report analyzes why each claim fails, concludes further

amendment would be futile, and recommends dismissing the action with prejudice.[39]

    The next day, Blackwell filed an Objection, a Supplemental Objection on December 19,

2025, and a Second Supplemental Objection on January 29, 2026.[40]  The Objection includes

several sections asserting Judge Pead exceeded his authority, misapplied legal standards, acted

with improper motive, ignored evidence and motions, and incorrectly reversed Blackwell's IFP

status.[41]  Although Blackwell's Objections are not clear, at bottom, she asserts Judge Pead acted

improperly and erred in concluding the SAC is frivolous and fails to state a claim.[42]  The

Supplemental Objection states Blackwell has newly-obtained documents that "prove coordinated

---

[36] *See id.* at 29–32; *Report* at 4–5.

[37] *See generally Report.*

[38] *Id.* at 18.

[39] *Id.* at 10–19.

[40] *Objection*; *Supplemental Objection*; *Second Supplemental Objection.*

[41] *Objection.*

[42] *See generally id.*

misconduct," discusses legal precedent, lists issues for appeal, and requests additional relief.[43]
The Second Supplemental Objection asserts proposed bills in the 2026 Utah legislative session
demonstrate Blackwell's RICO allegations and further support her Objections to Judge Pead's
Report.[44]

## LEGAL STANDARDS

Blackwell is a pro se litigant.  Pro se litigants are held to less stringent standards than
parties formally represented by lawyers, and their pleadings "are to be construed liberally."[45]
Nevertheless, a litigant's pro se status "does not excuse the obligation . . . to comply with the
fundamental requirements of the Federal Rules of Civil . . . Procedure."[46]  At the pleading stage,
a pro se plaintiff still has "the burden of alleging sufficient facts on which a recognized legal
claim could be based."[47]  The court "will not supply additional factual allegations to round out a
plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[48]

The standard for reviewing a magistrate judge's report and recommendation depends on
the sufficiency of the objection.  To qualify as a proper objection that triggers de novo review,
the objection must be both timely—that is, made within fourteen days—and "sufficiently
specific to focus the district court's attention on the factual and legal issues that are truly in

---

[43] *See generally Supplemental Objection*.  The additional relief requested includes a legal finding that the *Younger* abstention doctrine does not apply, that the court rule on the other outstanding Motions in this case, vacate her warrant, order expedited proceedings, and reinstate Blackwell's IFP status.  *Id.* at 9.

[44] *See generally Second Supplemental Objection*.

[45] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[46] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (internal quotation marks and citation omitted)).

[47] *Hall*, 935 F.2d at 1110.

[48] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997); *see also Lankford v. Wagner*, 853 F.3d 1119, 1122 (10th Cir. 2017) (recognizing it is not the court's role to act as a pro se litigant's "attorney in constructing arguments and searching the record" (internal quotation marks and citation omitted)).

dispute."[49]  "Thus, de novo review is not required where a party advances objections to a magistrate judge's disposition that are either indecipherable or overly general."[50]

Under the Tenth Circuit's firm waiver rule, an objector waives "review of both factual and legal questions" if an objection is not timely and specific.[51]  A court may decline to apply the firm waiver rule "when the interests of justice so dictate"—for example, if "the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations."[52]  "[T]his court generally reviews unobjected-to portions of a report and recommendation for clear error."[53]

The standard for a motion to dismiss under Rule 12(b)(6) is also relevant, as Judge Pead's Report evaluated Blackwell's SAC under this framework.[54]  Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a plaintiff's complaint.  To survive a Rule 12(b)(6) motion, the complaint must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.[55]  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[56]  While a complaint need not recite "detailed factual allegations," "a plaintiff's obligation to provide the grounds of

---

[49] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[O]bjections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[50] *Tracy v. Simplifi Co.*, No. 2:21-cv-00444-RJS-CMR, 2022 WL 887294, at *3 (D. Utah Mar. 25, 2022) (citing *One Parcel of Real Prop.*, 73 F.3d at 1060).

[51] *One Parcel of Real Prop.*, 73 F.3d at 1059 (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

[52] *Moore*, 950 F.2d at 659.

[53] *Zloza v. Indus. Co.*, No. 4:23-cv-17-RJS-PK, 2023 WL 2760784, at *1 (D. Utah Apr. 3, 2023) (first citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); then citing Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment).

[54] *See generally Report*.

[55] *Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021).

[56] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.[57]

## ANALYSIS

The court reviews Judge Pead's Report in two steps.  First, the court reviews de novo the conclusions to which Blackwell has timely and specifically objected.[58]  Second, the court reviews the remainder for clear error.

## I.    De Novo Review of Specific Objections

Construed liberally, Blackwell raises three specific objections: (1) Judge Pead applied the wrong legal standards; (2) Judge Pead erred in determining the SAC's allegations are conclusory; and (3) Judge Pead deliberately manipulated the judicial process and acted with improper motive.  The court addresses each objection in turn.

### A.    Judge Pead Did Not Apply Incorrect Standards

The court understands Blackwell to contend Judge Pead denied "IFP status without identifying any false statements or changed circumstances" and applied heightened rather than pro se pleading standards.[59]  Blackwell also argues Judge Pead improperly made credibility determinations and weighed evidence at the pleading stage[60] while simultaneously contending Judge Pead erred by ignoring evidence that proves her case.[61]  The court disagrees.

---

[57] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified).

[58] Federal Rule of Civil Procedure 72 requires specific written objections to be filed within 14 days after being served with a copy of the recommendation.  Because Blackwell's Supplemental Objections were filed over two months after the Report was served, they are untimely.  *See Supplemental Objection* (filed December 19, 2025); *Second Supplemental Objection* (filed January 29, 2026).  Accordingly, the court only considers the first Objection.  Further, although the Objection is not a model of clarity, the court nevertheless reviews the Report de novo for Blackwell's benefit.

[59] *Objection* at 2.

[60] *Objection* at 2, 7.

[61] *See SAC* ¶ 7C ("Plaintiff is not asking for favoritism – she is asking the Court to look at the documentary evidence already in its possession that proves every allegation."); *id.* ¶ 29 ("The City of South Jordan's prosecution despite having ZERO contact with Plaintiff proves the conspiracy's coordination . . . ."); *id.* ¶ 38 (stating "the conspiracy's

First, Judge Pead only *temporarily* granted IFP status pending screening the Complaint.[62]

Blackwell's temporary IFP status was extended for her to file the SAC and remained in place

pending screening of the SAC.[63]  Judge Pead now recommends denying Blackwell's IFP status

in conjunction with dismissal.[64]  IFP status would only be granted going forward should the SAC

survive dismissal.[65]  Accordingly, Judge Pead did not "reverse" Blackwell's IFP status,[66] rather

he recommends dismissing the SAC which would also terminate Blackwell's IFP status.[67]

Further, the Report specifically addresses the standard for analyzing pro se pleadings.[68]

Judge Pead acknowledged that pro se litigants are "held to a less stringent standard than . . .

lawyers" and discussed a pro se litigant's pleading burden.[69]  Specifically, the Report explained a

pro se plaintiff must allege sufficient facts to state a claim for relief.[70]

The court sees no error in Judge Pead's analysis.  While Blackwell is correct in stating

the court may not weigh evidence at the pleading stage,[71] the Report analyzes the SAC on its

face for sufficiency.[72]  As stated above, the court need not accept all allegations as true.  Bare

---

true purpose" is "prove[d]" by the alleged fact that the school "escalat[ed]" the dispute by going "over Palmer's head to his supervisors").

[62] *IFP Order*.

[63] *See Order*.

[64] *Report* at 18 (stating the court recommends denial of the IFP Motion because the SAC fails to state a claim, fails to meet the required pleading standards, and raises claims that lack an arguable basis in law or fact).

[65] *See* 28 U.S.C. § 1915 (authorizing the court to permit a party to commence an action without prepayment of fees, but requiring dismissal if, "at any time," the court determines the action "fails to state a claim upon which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief").

[66] *Objection* at 5.

[67] *Report* at 18.

[68] *Id*. at 7–8.

[69] *Id.* at 7 (quoting *Hall*, 935 F.2d at 1110).

[70] *See id*.; *Hall*, 935 F.2d at 1110.

[71] *Objection* at 2, 7.

[72] *Report* at 9–18 (analyzing the SAC's allegations for sufficiency and concluding the SAC, as alleged, does not state a claim upon which relief may be granted).

assertions are not entitled to the assumption of truth.[73]  This rejection is not "on the ground that

they are unrealistic or nonsensical;" rather, they are deficient because they are conclusory.[74]  For

example, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court found a complaint alleging

conspiracy deficient because it lacked "enough factual matter (taken as true) to suggest that an

agreement was made."[75]  Allegations merely consistent with a complaint's asserted claims are

insufficient.[76]  The threshold requirement of Rule 8 of the Federal Rules of Civil Procedure is

that the allegations must "show that the pleader is entitled to relief."[77]  The court concludes

Judge Pead properly applied this standard and, as explained below, correctly concluded the SAC

falls short.

## B.    The SAC Fails to State a Claim

At bottom, Blackwell disagrees with Judge Pead's determination that the SAC allegations

are conclusory.  An allegation is conclusory if it states the outcome or the conclusion the court

should draw from the complaint.[78]  Blackwell argues the SAC sufficiently states a claim because

it "allege[s] predicate acts with particularity" and demonstrates Defendants are state actors.[79]

Specifically, Judge Pead "ignored Plaintiff's detailed tables" that identified Defendants' names,

roles, actions, "connected actions to specific legal violations," and provided evidence.[80]  The

---

[73] *See Iqbal*, 556 U.S. at 681.

[74] *Id*.

[75] *Twombly*, 550 U.S. at 556.

[76] *See id*.

[77] *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

[78] *See Conclusory*, OED.COM, https://www.oed.com/dictionary/conclusory_adj?tab=meaning_and_use#8662114 [https://perma.cc/3P3M-JB59] (last visited Jan. 29, 2026) ("[r]elating or tending to a conclusion; conclusive"); *Conclusive*, OED.COM, https://www.oed.com/dictionary/conclusive_adj?tab=meaning_and_use#8661825 [https://perma.cc/WW7Y-KX6T] (last visited Jan. 29, 2026) (defining "conclusive" as a statement that "decides the question").

[79] *Objection* at 5.

[80] *Id.* at 9.

court disagrees. The allegations do not identify specific actions. Instead, the SAC alleges legal conclusions and fails to support the asserted claims.

1. Count I: civil RICO Under 18 U.S.C. § 1964(c)

To state a conspiracy claim under RICO, the SAC must plausibly allege Defendants: "(1) conducted the affairs (2) of an enterprise [whose actions affect interstate commerce] (3) through a pattern (4) of racketeering activity."[81] The Act defines "racketeering activity" to mean at least one of several specifically identified criminal acts.[82] To allege a pattern, Blackwell must allege each Defendant committed at least two racketeering acts within ten years of each other.[83]

The SAC alleges the elements of a RICO conspiracy claim.[84] However, it does not contain sufficient allegations to support this claim. The SAC does not identify an enterprise or any racketeering activity Defendants engaged in, let alone two acts for each Defendant.[85] The acts listed in the SAC tables include legal conclusions.[86] For example, the Specific Acts Table states Early Light Academy "[f]iled false police reports," and the City of South Jordan "[m]aintained policies enabling school/landlord weaponization."[87] The SAC does not state what

---

[81] *Johnson v. Heath*, 56 F.4th 851, 858 (10th Cir. 2022) (quoting *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016)); 18 U.S.C. § 1964(c) (permitting a "person injured in his business or property by reason of a violation" of the 18 U.S.C. § 1962 RICO statute); *id.* § 1962(a) (prohibiting a person from profiting through a pattern of racketeering activity though "any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce").

[82] *See* 18 U.S.C. § 1961(1). The specified criminal acts include, among other things, murder, kidnapping, arson, trafficking in firearms, the sale of naturalization or citizenship papers, passport forgery, slavery, and copyright infringement. *See id.*

[83] *Johnson*, 56 F.4th at 858 (citing 18 U.S.C. § 1961(5)).

[84] *SAC* ¶ 66.

[85] *See generally SAC*.

[86] *Id.* ¶ 28.

[87] *Id.*

the police reports aver or information that gives rise to an inference the reports are false.[88]  Nor does the SAC identify any City of South Jordan policies or how those policies were "weaponized" or otherwise relate to the asserted claims.  Instead, these allegations ask the court to assume or conclude the reports were false and the City's policies enabled "school/landlord weaponization."  Allegations should provide enough information to put Defendants on notice of the "who," "what," "where," "when," and "why" of the asserted claims.[89]  Stating a party filed a false report, acted while disqualified, or committed sabotage are conclusions about the party's actions, not statements that give the information from which those conclusions might arise. Further, the SAC is devoid of any allegations of how Defendants' conduct affected interstate or foreign commerce.[90]  And the court may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on [her] behalf."[91]

    2.      Count II: Conspiracy Against Rights Under 42 U.S.C. § 1985(3)

The SAC asserts a claim under 42 U.S.C. § 1985(3), alleging "Defendants conspired to deprive Plaintiff of equal protection and due process based on race and advocacy for [a] disabled child," and the "conspiracy involved two or more persons, including state actors and private parties acting under color of state law."[92]  Section 1985(3) provides a civil right of action

> If two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of

---

[88] *See generally SAC.*

[89] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (stating the Supreme Court "was particularly critical of complaints that 'mentioned no specific time, place, or person involved in the alleged [claim]'" (quoting *Twombly*, 550 U.S. at 565 n.10)).

[90] *See generally SAC*; 18 U.S.C. § 1962(a) (listing establishing or operating an enterprise engaged in or affecting interstate or foreign commerce as an element for a RICO violation).

[91] *Whitney*, 113 F.3d at 1173–74.

[92] *SAC* ¶¶ 68–69.

> preventing or hindering the constituted authorities . . . from giving or securing to
> all persons . . . the equal protection of the laws.[93]

Section 1985(3) specifically concerns conspiracies to deprive persons of equal protection of the laws that are motived by racial or other class-based animosity.[94] "To state a claim under § 1985(3), a plaintiff must show: (1) a conspiracy, motivated by racially-discriminatory animus; (2) to deprive plaintiff of equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) a deprivation of rights resulting therefrom."[95]

The SAC does not sufficiently allege racial discrimination or other animus toward a protected class. The SAC alleges DCFS acted with "institutional bias" by investigating a "Black mother based on false allegations with false claims about her cooperation, but refus[ing] to investigate documented abuse of a disabled child by the school."[96] But DCFS is not a defendant, and the SAC does not include any allegations that give rise to a plausible inference Defendants' actions were related to her. The SAC also includes allegations of "differential treatment" between Blackwell and a "white/connected" family in what the SAC characterizes as legislative responses to their respective criminal cases.[97] Specifically, the SAC alleges the legislature changed the law to help the Caucasian family after a family member was charged with child rape, and the legislature "expanded penalties" for Blackwell who advocated for her child with disabilities, which Blackwell argues proves racial discrimination.[98] However, as the Report notes, Blackwell's "child may be a member of a protected class based on his disability," but the

---

[93] 42 U.S.C. § 1985(3).

[94] *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

[95] *Paris v. Sw. Bell Tel. Co.*, 94 Fed. App'x 810, 815 (10th Cir. 2004) (citing *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993)).

[96] *SAC* ¶ 44A.

[97] *See id.* ¶¶ 49–50.

[98] *See id.*

SAC is also devoid of any allegations that Defendants' actions were motivated by discrimination against the disabled.[99]

Additionally, the SAC does not include any allegations of any agreement between Defendants to support a conspiracy claim. "[A]n allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality."[100] Although the SAC alleges "attorney Preston admitted to police she was coordinating with prosecutors before investigation was complete" and Governor Cox stated "groups were working together" to review a bill, there are no allegations from which the court can infer a discriminatory agreement between Defendants.[101] Law enforcement investigation often requires ongoing cooperation from involved individuals. Indeed, "[i]t is an act of responsible citizenship for individuals to give whatever information they may have to aid in law enforcement,"[102] and there are no allegations to suggest the attorney cooperated in an improper way.[103] Additionally, the allegation that Governor Cox stated "groups were working together" does not identify what groups were involved. There is nothing from which to infer any involvement in a conspiracy by any Defendants.

3. Count III: Section 1983 Violations

The SAC also asserts "[e]ach defendant violated specific constitutional rights under color of state law" as detailed in the Specific Acts Table.[104] To state a claim under 42 U.S.C. § 1983,

---

[99] *Report* at 13. *See generally SAC.*

[100] *Twombly*, 550 U.S. at 556–57.

[101] *SAC* ¶ 8 (emphasis removed).

[102] *Miranda v. Arizona*, 384 U.S. 436, 477–78 (1966).

[103] *See generally SAC.*

[104] *Id.* ¶¶ 28, 70.

the SAC must plausibly allege that Defendants (1) deprived Blackwell of a federally protected

right by (2) an actor acting under color of state law.[105]  The statute creates a civil action against

*persons* acting under color of law.[106]  In this case, the SAC does not state a § 1983 claim.  Other

than Defendants City of South Jordan and Anderson, Defendants are not persons, not persons

acting under color of law, or entitled to immunity.[107]  As to the City of South Jordan and

Anderson, the SAC is insufficient.

### i.      *Non-Individual Defendants*

First, Early Light Academy and Tangaro Law entities are not persons and therefore not

subject to a § 1983 claim.  Similarly, "governmental sub-units are not separate suable entities

that may be sued under § 1983."[108]  Accordingly, the South Jordan Police Department is also not

subject to a § 1983 claim.

### ii.      *Private Parties*

Section 1983 "protects against acts attributable to a State, not those of a private

person."[109]  As the SAC states, Preston, Faas, and Tangaro are private parties not acting under

color of law.[110]  Additionally, the SAC does not allege Defendants Schmidt, Bird, Trout, Pizarro,

---

[105] *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).

[106] 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, [or] regulation . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitutions and laws, shall be liable to the party injured in an action at law . . . .").

[107] The SAC states any immunity Defendants may be entitled does not apply because Defendants conspired and those who conspire to violate constitutional rights "lose immunity protection."  *SAC* ¶ 10A.  However, as discussed supra, the SAC does not state a claim for conspiracy.

[108] *Hinton v. Dennis*, 362 Fed. App'x 904, 907 (10th Cir. 2010); *see also Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) ("The City of Denver Police Department is not a separate suable entity . . . .").

[109] *Lindke v. Freed*, 601 U.S. 187, 194 (2024).

[110] *SAC* ¶ 10J.

and Hyatt "engaged in state action."[111]  These Defendants are also private parties that cannot be subjected to a § 1983 claim.

### iii.    Defendants Entitled to Immunity

As the Supreme Court has explained, its "decisions have looked to . . . common law protections in affording either absolute or qualified immunity to individuals sued under § 1983."[112]  This is "based on the reasoning that 'the public good can best be secured by allowing officers charged with the duty of deciding upon the rights of others, to act upon their own free, unbiased convictions, uninfluenced by any apprehensions.'"[113]  Under this principle, some government entities and actors are entitled to either absolute or qualified immunity and Defendants Boehm, Snow, Montgomery, Teuscher, Cullimore, and Anderson fall into these categories.

Defendant Boehm is entitled to judicial immunity.  Judges "are absolutely immune from suit unless they act in 'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases for § 1983 claims."[114]  The SAC alleges Boehm acted without jurisdiction because he "[i]ssued a warrant while disqualified" and "refused habeas corpus."[115]  But Boehm was not disqualified when the warrant was issued,[116] and deciding habeas corpus petitions, issuing warrants, and setting bail are all typical duties of a judicial

---

[111] See Lindke, 601 U.S. at 196.

[112] Filarsky v. Delia, 566 U.S. 377, 380 (2012).

[113] Id. at 383 (explaining this reasoning in common law which has "not been abrogated 'by covert inclusion in the general language' of § 1983" (quoting Imbler v. Pachtman, 424 U.S. 409, 418 (1976))).

[114] Segler v. Felfam Ltd. P'ship, 324 F. App'x 742, 743 (10th Cir. 2009) (unpublished) (quoting Stump v. Sparkman, 435 U.S. 349, 356–57 (1978)); see also Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007) ("It is well established that absolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion." (citation modified)).

[115] SAC ¶ 28.

[116] See id. ¶ 43 (stating the disqualification motion was pending when the warrant was issued).

officer.  Because Boehm was acting in his judicial capacity as a judge, his actions are entitled to absolute immunity.[117]

Montgomery and Snow are also entitled to absolute immunity.  They are named as defendants because of their alleged prosecutorial acts.[118]  "State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions."[119]  Prosecutors command this immunity even when a "genuinely wronged criminal defendant" may be left "without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty."[120]  Thus, Mongomery and Snow are also immune from the § 1983 claim.

Defendants Teuscher and Cullimore are also entitled to immunity.  Legislators "enjoy[] absolute immunity for their official actions" "[r]egardless of any unworthy purpose animating their actions."[121]  Although the SAC alleges Teuscher and Cullimore "conspir[ed] outside [their] legislative sphere," the SAC is totally devoid of any allegations to that effect.[122]  Rather, the SAC alleges they co-sponsored HB464—a legislative activity that enjoys immunity.[123]  In sum, Defendants Teuscher, Cullimore, Boehm, Montgomery, and Snow are all thus entitled to absolute immunity.

---

[117] *See Doran v. Sanchez*, 289 F. App'x 332, 332 (10th Cir. 2008) (unpublished) (holding state court judge absolutely immune for action done in his judicial capacity).

[118] *See SAC* ¶ 23 ("Defendants Snow and Montgomery are prosecutors who pursued charges despite exculpatory evidence."); *id.* ¶ 28 (listing Snow and Montgomery "specific unlawful acts" as "prosecut[ing] despite exculpatory evidence").

[119] *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994) (citation modified).

[120] *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976).

[121] *Id.* at 417–18.

[122] *SAC* ¶ 10J.

[123] *Id.* ¶ 28.

###### iv.    *Sergeant Anderson*

City officials sued in their official capacity are also entitled to immunity in some circumstances.[124]  "[P]ublic officials enjoy qualified immunity in civil actions that are brought against them in their individual capacities and that arise out of the performance of their duties."[125]  This is because "individuals working for the government in pursuit of government objectives are 'principally concerned with enhancing the public good,'" and "[w]hether such individuals have assurance that they will be able to seek protection if sued under § 1983 directly affects the government's ability to achieve its objectives through their public service."[126] Accordingly, officials have a presumption of this immunity that is only overcome if a plaintiff shows the "public official violated the plaintiff's constitutional (or . . . federally protected) rights" and the "rights were clearly established at the time of the alleged violation."[127]

The SAC appears to address qualified immunity by alleging "Anderson overruled Detective Palmer and filed charges 40 days after all contact ceased"[128] and:

> No reasonable officer would believe: (1) prosecuting someone 40 days after all contact ended was lawful; (2) reversing from treating someone as victim to defendant without new evidence was proper; or (3) filing charges based on State Board-validated advocacy was constitutional. . . .  [B]ad faith prosecution targeting constitutionally protected activity without reasonable expectation of valid conviction eliminates qualified immunity. [129]

---

[124] For example, the Supreme Court has recognized immunity for firefighter department officials acting in the course of their official duties. *Filarsky*, 566 U.S. 377, 381–83 (2012) (identifying a city fire department chief and two fire department officials as immune from suit under § 1983).

[125] *Pahls v. Thomas*, 718 F.3d 1210, 1227 (10th Cir. 2013) (citing *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)).

[126] *Filarsky*, 566 U.S. at 392 (quoting *Wyatt v. Cole*, 504 U.S. 158, 168 (1992)).

[127] *Pahls*, 718 F.3d at 1227.

[128] *SAC* ¶ 24.

[129] *Id*. ¶ 10D;  *see also id.* ¶ 10J (stating qualified immunity for police "fails" because "[n]o reasonable belief in lawfulness of charges 40 days after contact ended").

But it is not clear from the SAC what constitutional or federally protected right Anderson is alleged to have violated or that the right was clearly established,[130] and the court may not read in facts to salvage a complaint.[131]  Accordingly, the court concludes the SAC does not sufficiently allege Anderson committed acts for which he is not entitled to qualified immunity.

*v.*      *The City of South Jordan*

While "a State is not a person within the meaning of § 1983" and immune from suit under the Eleventh Amendment,[132] municipalities "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief" when the alleged constitutional tort was caused by an official municipal policy.[133]  However, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."[134]  While the SAC alleges the City "[m]aintained policies enabling school/landlord weaponization,"[135] it contains no allegations that state what any of the City's policies were, or how any policies were executed in such a way to deprive Blackwell of a constitutional right.  This is a conclusory allegation "without further factual enhancement that stops short of the line between possibility and plausibility of

---

[130] *See generally SAC*.  "A clearly established right is one that is sufficiently clear that every reasonable officer would have understood that what he is doing violates that right. . . .  The dispositive question is whether the violative nature of the *particular* conduct is clearly established."  *Ullery v. Bradley*, 949 F.3d 1282, 1291 (10th Cir. 2020) (internal quotation marks and citations omitted).

[131] *Whitney*, 113 F.3d at 1173–74 (stating the court "will not supply additional factual allegations to round out a plaintiff's complaint"); *see also Lankford*, 853 F.3d at 1122 (recognizing it is not the court's role to act as a pro se litigant's "attorney in constructing arguments and searching the record" (internal quotation marks and citation omitted)).

[132] *Will v. Mich. Dept. of St. Police*, 491 U.S. 58, 64, 67 (1989).

[133] *Monell*, 436 U.S. at 690–91; *see also Owen v. City of Independence*, 445 U.S. 622, 633 (1980) (stating a local government may be sued under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [constitutional] injury").

[134] *Owen*, 445 U.S. 622 at 633; *see also Monell*, 436 U.S.at 691 ("[A] municipality cannot be held liable [under § 1983] *solely* because it employs a tortfeasor . . . .").

[135] *SAC* ¶ 28; *see also* ¶ 22 ("Defendant City of South Jordan is the municipal corporation whose policies enabled the conspiracy by allowing schools and landlords to weaponize the court system.").

entitlement of relief."[136]  The only other allegation regarding the City is that it "[e]mploys police; has school coordination protocols; [and] prosecutes despite NO contact with Plaintiff."[137]  Again, this is deficient.  A city may not be liable under § 1983 merely for employing an alleged tortfeasor, and the SAC does not identify any protocols or provide any details that support this conclusory allegation.[138]  Accordingly, the SAC fails to assert a plausible § 1983 claim against the City of South Jordan and none of Blackwell's § 1983 claims withstand dismissal.

4.  Count IV: Conspiracy to Obstruct Justice (18 U.S.C. § 241)

The SAC asserts a claim for conspiracy to obstruct justice under 18 U.S.C. § 241, but this statute is part of the criminal code.  Criminal statutes "do not provide for a private right of action and are thus not enforceable through a civil action."[139]  Accordingly, Count IV is not a viable claim.

## C.    There Is No Indication Judge Pead Acted Improperly

Blackwell contends the chronology of the case "reveals improper motive, deliberate manipulation, and rush to judgment" on the part of Judge Pead.[140]  Specifically, Blackwell points to the timeline of events of October 14, 2025, when she submitted a motion for expedited review of the warrant[141] and Judge Pead issued the Report and Recommendation.[142]  Blackwell argues a series of delays of 35, 91, and 96 minutes between when she submitted the motion, the court

---

[136] *Twombly*, 550 U.S. at 557 (quotation modified).

[137] *SAC* ¶ 54.

[138] *See Glaser v. City & Cnty. of Denver*, 557 Fed. App'x 689, 702 (10th Cir. 2014) (unpublished) (holding plaintiff's "allegations that the City and County of Denver implemented an unconstitutional policy to defame his reputation and failed to properly train employees are conclusory").

[139] *Andrews*, 483 F.3d at 1076 (citing *United States v. Claflin*, 97 U.S. 546, 547 (1878)).

[140] *Objection* at 5.

[141] Dkt. 17, *Emergency Motion for Status and Expedited Review of Warrant Vacation*.

[142] *Objection* at 5.

informed her of the need for redaction, resubmission of the motion, and the publishing of the Report "proves deliberate obstruction."[143]  But the logistics of docketing within a few hours does not demonstrate any improper conduct.  Further, the Report concerns Judge Pead's conclusions from screening the SAC under the IFP statute; it does not concern any of Blackwell's other motions.  Blackwell may strongly disagree with Judge Pead's Report, but the record does not support any allegation of improper bias or action on his part.[144]

## II.    Clear Error Review

Having addressed Blackwell's specific objections, the court now turns to the remainder of the Report, which it reviews for clear error.  After careful consideration, the court finds no clear error in any of Judge Pead's unobjected-to conclusions.

And the court agrees that further amendment would be futile.  Some of the claims are not possible to cure.[145]  Additionally, Blackwell has already amended the Complaint twice, including once with the benefit of the Judge Pead's detailed review and guidance regarding the deficiencies.[146]  "In every case, there must be a 'point in time when litigation shall be at an end.'"[147]  The court finds this case has reached that point.

---

[143] *Id*.

[144] *See United States v. Stilley*, No. 24-5133, 2025 WL 2718277, at *2 (10th Cir. 2025) (unpublished) ("Ordinarily, when a judge's words or actions are motivated by events originating within the context of judicial proceedings, they are insulated from charges of bias.  Thus, adverse rulings cannot in themselves form the appropriate grounds for disqualification." (quoting *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005)) (citation modified)).

[145] *See supra*.

[146] *See Order*; *see also Sheldon v. Vermonty*, 269 F.3d 1202, 1207 n.5 (10th Cir. 2001) (explaining dismissal with prejudice is appropriate where a plaintiff's amended pleadings fail to cure the deficiencies of her claims).

[147] *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 292 (2022) (Sotomayor, J., dissenting) (citing *Browder v. Director, Dep't of Corr. of Ill.*, 434 U.S. 257, 264 (1978)).

## CONCLUSION

For the reasons stated above, Blackwell's Objection to Judge Pead's Report and Recommendation is OVERRULED. Judge Pead's Report is ADOPTED[148] and this case is DISMISSED with prejudice. The Motion to Proceed In Forma Pauperis,[149] Emergency Motion for Asset Freeze and Preservation Order,[150] Emergency Motion for Relief from Defendants' Obstruction of Federal Proceedings,[151] Motion for Expedited Criminal Referral and Supplemental Evidence of RICO Enterprise,[152] and Motion for Expedited Ruling on Pending Objections[153] are all DENIED as moot. The clerk of court is directed to close the case.

SO ORDERED this 12th day of February 2026.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[148] Dkt. 18. Although the court does not consider the City of South Jordan as immune from suit under the Eleventh Amendment, the court agrees the SAC fails to state a claim against it. Accordingly, the court adopts the recommendation for dismissal as to the City of South Jordan.

[149] Dkt. 2.

[150] Dkt. 3.

[151] Dkt. 8.

[152] Dkt. 11.

[153] Dkt. 25.